UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| STEVEN JOHNSON and<br>BRIAN ESCHRICH,<br><br>    Plaintiffs,<br><br>V.<br><br>HUI HULIAU STAFFING LLC,<br>4P MANAGEMENT COMPANY, LLC and<br>KAYA ASSOCIATES, INC.,<br><br>    Defendants. | CIVIL NO. 5:20-440-KKC<br><br><br><u>OPINION AND ORDER</u> |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Plaintiffs Steven Johnson and Brian Eschrich's ("Plaintiffs") motions to remand (DE 6 & 7). A motion to dismiss also pends (DE 5), but the remand requests are of threshold importance. For the following reasons, the Plaintiffs' motions to remand will be granted and this case will be remanded to state court for lack of subject matter jurisdiction.

Plaintiffs filed this action in Jessamine Circuit Court on August 14, 2020, against Defendants Hui Huliau Staffing LLC ("HHS"), 4P Management Company, LLC ("4P"), and Kaya Associates, Inc. ("Kaya"). In the complaint, Plaintiffs allege that Kaya failed to compensate them properly for accrued vacation time. (DE 1-1 at 3-4, ¶ 1.) They assert claims of "unpaid wages" under the Kentucky Wage and Hour Act ("KWHA"), "unjust enrichment," and "tortious interference with a business expectancy." (*Id*. at 4, ¶¶ 4–7.)

On October 26, 2020, Defendant 4P removed the action[1] to this Court, asserting that jurisdiction over the matter exists pursuant to the "diversity jurisdiction" of federal courts

---

[1] Defendant 4P argues that the other defendants' consent to removal was not required, *see* 28 U.S.C. § 1446(b)(2)(A), because they were not served in Jessamine Circuit Court and remain unserved in the current case.

Page **1** of **4**

set forth in 28 U.S.C. § 1332. Under that statute, this Court has jurisdiction over all matters in which the amount in controversy exceeds $75,000 and is between citizens of different states. For subject matter jurisdiction to exist under this statute, complete diversity of citizenship must exist, meaning that "no party has the same citizenship as any opposing party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001). Neither party disputes that there is complete diversity and the Court does not perceive there to be an issue. There is, however, a dispute as to whether the total amount in controversy exceeds $75,000, exclusive of interests and costs.

In the remand motions, Plaintiffs assert that the combined total for their unpaid wages claim equals $38,421.00[2], but make no stipulations regarding the other two claims—unjust enrichment and tortious interference with a business expectancy. A review of the complaint, however, indicates that the claims might actually have no independent monetary value. In the complaint, Plaintiffs allege that they solely seek damages for "unpaid wages" and "attorney fees and costs." (*See* DE 1-1 at 9).

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The amount in controversy must exceed the jurisdictional minimum at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *see also Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007). The burden rests on the removing party to demonstrate the amount in controversy requirement by a preponderance of the evidence. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.

---

(DE 10, n.1). Should they be served, however, they maintain that "[c]omplete diversity would exist regardless." (*Id.*, n.2).

[2] "The pay rate for [Steven] Johnson equates to approximately $73.15/ hour and he was not paid for 356 hours. That totals $26,041 in damages. [Brian] Eschrich's pay rate is $50.74/hour and he was not paid for 244 hours. That totals $12,380 in damages." (DE 6 at 1, DE 7 at 1).

1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010); *see also Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 769–70 (6th Cir. 2009) ("The burden is on [the removing party] to show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount in controversy requirement."). If the defendant fails to satisfy the burden with respect to either diversity jurisdiction requirement, then the federal court is without subject matter jurisdiction to hear the case. *Id*.

In matters removed from Kentucky state courts, the amount in controversy is frequently unclear from the face of a complaint because state law prevents a plaintiff from reciting a specific sum as alleged damages, Ky. R. Civ. P. 8.01(2), and permits recovery in excess of the amount prayed for, Ky. R. Civ. P. 54.03(2). Parties thus often must engage in pre-removal discovery before a defendant can ascertain that a case is removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

A removing party may satisfy the requirement via "competent proof" of the at-issue amount, *see Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010), which "can include affidavits, documents, or interrogatories" obtained during pre-removal discovery. *Bishop v. Tennessee Gas Pipeline, LLC*, No. 5:17-CV-00424-JMH, 2018 WL 4686416, at *2 (E.D. Ky. Sept. 27, 2018). But notably, "mere averments are not enough"; rather, "defendants must affirmatively come forward with some competent proof showing that the amount-in-controversy requirement is satisfied." *Caudill v. Ritchie*, No. 09-28-ART, 2009 WL 1211017, at *3 (E.D. Ky. May 1, 2009) (citing *Gafford,* 997 F.2d at 160).

In this case, opposing remand, Defendant 4P argues that even though compensatory damages have been capped to $38,421.00, the amount in controversy also includes attorney fees provided for by the Kentucky Wage and Hour Act. They specifically argue that Plaintiffs have failed to take this into account. (DE 10). Unfortunately, as previously stated, the *defendant* bears the burden of proving, by a preponderance of the evidence, that it is "more likely than not" that the jurisdictional amount in controversy prerequisite is met. *Gafford*, 997 F.2d at 158. But, here, absolutely "no competent proof" regarding satisfaction of the amount-in-controversy has been shown. *Caudill,* 2009 WL 1211017, at *3.

By asserting that attorney fees are recoverable by statute, KRS § 344.450, Defendant argues that the fees—taken together with the $38,421.00—will exceed $75,000.00. However, the only issue is that these are mere speculations. Without saying as much, 4P presumably argues that the missing amount equates to over $36,579.00 in attorney fees, and that such fees will ensure the amount-in-controversy requirement is satisfied. However, Defendant attaches no competent proof to this blanket allegation. Defendant 4P has simply not satisfied its burden. The Court declines to maintain it jurisdictionally.

Accordingly, for the reasons above, the Court hereby ORDERS that:

1. Plaintiffs' motions to remand (DE 6 & 7) are GRANTED;
2. Defendant 4P's motion to dismiss (DE 5) is DENIED as moot; and
3. This case shall be REMANDED to state court and STRICKEN from this Court's active docket.

Dated February 12, 2021.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY